```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MARCOS CALCANO and on behalf of all
other persons similarly situated,

                        Plaintiff,

        -against-                                    19 Civ. 10440 (AT)

COLE HAAN LLC,                                       ORDER

                        Defendant.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/5/2021_

ANALISA TORRES, District Judge:

In this disability discrimination action, Plaintiff, Marcos Calcano, alleges on behalf of all other persons similarly situated that Defendant, Cole Haan LLC, violated his rights under Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.* (the "ADA"), N.Y. Exec. Law §§ 290, *et seq.* (the "NYSHRL"), and N.Y.C. Admin. Code §§ 8-101, *et seq.* (the "NYCHRL"). Defendant moves to dismiss the complaint on the alternative grounds of (1) lack of standing, pursuant to Federal Rule of Civil Procedure 12(b)(1); and (2) failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, Defendant's motion to dismiss is GRANTED.

## BACKGROUND

The following facts are taken from the complaint and accepted as true for the purposes of this motion. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

Defendant, Cole Haan LLC, is a national retail store chain. First Amended Complaint ("FAC") ¶¶ 26–27, ECF No. 31. In its stores, Defendant sells gift cards, which are credit-card sized and shaped items that can be used to purchase goods in Defendant's stores in lieu of using money. *Id.* ¶¶ 15, 30, 35. Defendant does not sell gift cards with Braille writing on the cards. *Id.* ¶ 16.

On November 9, 2019, Calcano, a blind and visually-impaired individual, contacted Defendant and asked if it sold gift cards with Braille writing. *Id.* Defendant's employee informed Plaintiff that it did not. *Id.* On this call, the employee did not affirmatively offer "any alternative auxiliary aids or services to the Plaintiff with respect to Defendant's gift cards." *Id.* ¶ 17. Plaintiff was also unable to locate any Braille gift cards at Defendant's stores. *Id.* ¶ 18.

Calcano alleges that this failure to provide Braille gift cards "denied [him] equal access to Defendant's retail stores and the numerous goods, services, and benefits offered to the public through the Defendant's store gift cards," in violation of Title III of the ADA. *Id.* ¶ 40. Calcano seeks injunctive and declaratory relief requiring Defendant to sell Braille gift cards, and declaratory relief that Defendant is marketing, distributing, and selling store gift cards in a manner violative of the ADA, NYSHRL, and NYCHRL. *Id.* at 24–25.

## DISCUSSION

I. Standard of Review

A. Rule 12(b)(1)

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). To survive a Rule 12(b)(1) motion to dismiss, the plaintiff "has the burden of proving by a preponderance of the evidence that [subject matter jurisdiction] exists." *Id.* On such a motion, "the district court must take all uncontroverted facts in the complaint . . . as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014). However, the court need not "credit a complaint's conclusory statements without reference to its factual context." *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 146 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009)).

B. Rule 12(b)(6)

To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions." *Twombly*, 550 U.S. at 555. Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the non-movant. *ATSI Commc'ns, Inc.*, 493 F.3d at 98.

II. Standing

A. ADA

Article III, Section 2 of the United States Constitution limits federal jurisdiction to "cases" and "controversies." A plaintiff's standing to sue "is the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). To show Article III standing, a plaintiff must establish: (1) that he or she suffered an "injury in fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *Woods v. Empire Health Choice, Inc.*, 574 F.3d 92, 96 (2d Cir. 2009).

In the Second Circuit, standing is established in federal disability actions for injunctive relief where: "(1) the plaintiff allege[s] past injury . . . (2) it [is] reasonable to infer that the discriminatory treatment would continue; and (3) it [is] reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of [the public accommodation] to plaintiff's home, that plaintiff intend[s] to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir.

3

2013) (citing *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008)); *see also Harty v. Greenwich Hospitality Grp., LLC*, 536 Fed. App'x 154, 154 (2d Cir. 2013).

Calcano alleges that he called Defendant to inquire whether Defendant sold Braille gift cards, and was told that Defendant did not. FAC ¶ 16. This lack "deterred [Calcano] from visiting Defendant's physical locations." FAC ¶ 44. Because he was aware of discriminatory conditions and avoided a public accommodation because of that awareness, Calcano has shown injury in fact. *Kreisler*, 731 F.3d at 188; *Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*, 458 F. Supp. 2d 160, 167 (S.D.N.Y. 2006).

The second element is also satisfied. Calcano alleges, and Defendant does not dispute, that they do not plan to sell Braille gift cards in the future. FAC ¶ 15.

However, Calcano has not established the third factor. In considering whether a plaintiff's intent to return is plausible, courts have considered "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Access 4 All, Inc. v. G&T Consulting Co., LLC*, No. 06 Civ. 13736, 2008 WL 851918, at *8 (S.D.N.Y. Mar. 8, 2008). A mere "[i]ntent to return to the place of injury 'some day' is insufficient." *Small v. Gen. Nutrition Cos., Inc.*, 388 F. Supp. 2d 83, 87 (E.D.N.Y. 2005) (citing *Lujan*, 504 U.S. at 564).

Calcano alleges that he "resides within close proximity to at least one of Defendant's physical locations" and that he "has been a customer at Defendant's stores on prior occasions." FAC ¶¶ 21, 25. Plaintiff also alleges that he "intends to immediately purchase at least one store gift card from the Defendant as soon as the Defendant sells store gift cards that are accessible to the blind and utilize it at Defendant's retail store." FAC ¶¶ 21, 46. Courts in this district have considered near-identical allegations, but have split on whether these allegations are sufficient to create a reasonable inference

4

of an intent to return, depending on the nature of the defendant's business.  *Compare Dominguez v. Banana Republic, LLC*, No. 19 Civ. 10171, 2020 WL 1950496, at *4 (S.D.N.Y. Apr. 23, 2020) ("These generic, conclusory statements are plainly insufficient—Dominguez must provide the Court with *some* specific facts demonstrating that it is likely he will be injured by Banana Republic in future."), *with Mendez v. Outback Steakhouse of Fla., LLC*, No. 19 Civ. 9858, 2020 WL 4273820, at *2 (S.D.N.Y. July 23, 2020) ("Mendez has sufficiently pleaded an intent to return to Outback Steakhouse, as the complaint alleges that she has visited Outback Steakhouse on prior occasions and that she plans to purchase a Braille gift card, once available, and use it at an Outback Steakhouse."); *Dominguez v. Taco Bell Corp.*, No. 19 Civ. 10172, 2020 WL 3263258, at *3 (S.D.N.Y. June 17, 2020) ("I find that the FAC's allegation of Plaintiff's intent to return to Taco Bell more plausible and therefore sufficient because of the nature of Taco Bell's business and the broader appeal and accessibility of its products as compared with Banana Republic clothing.").

Defendant, Cole Haan LLC, is more like Banana Republic than the other "popular restaurant chain[s]" to which a plaintiff would more plausibly return.  *Outback Steakhouse of Fla., LLC*, 2020 WL 4273820, at *2.  Calcano has not alleged that he "regularly shops at [stores like Defendant's] or enjoys any particular products sold by Defendant."  *Tucker v. Whole Foods Mkt. Grp., Inc.*, No. 19 Civ. 9842, 2020 WL 3504728, at *4 (S.D.N.Y. June 29, 2020); *see also Small*, 388 F. Supp. 2d at 88–89 ("[B]ased on the number of GNC outlets and its discount prices, it is a reasonable inference that Small, a frequent buyer of vitamins and other nutritional supplements, would purchase [these goods] more often from [GNC] than from other purveyors of vitamins and health foods." (internal quotation marks omitted)).  Calcano also does not provide the address of any of Defendant's retail locations that he visited on prior occasions.  *See generally* FAC.  Without such facts, the Court cannot reasonably infer that Calcano intends to return to Defendant's stores.

In addition, Calcano's other ADA litigation may "undercut the sincerity" of his intent to return. *See, e.g.*, *Calcano v. Art of Shaving - FL, LLC*, 19 Civ. 10432, 2020 WL 1989413, at *1 (S.D.N.Y. Apr. 27, 2020); *Calcano v. Swarovski N. Am. Ltd.*, No. 19 Civ. 10536, 2020 WL 1974143, at *1 (S.D.N.Y. Apr. 24, 2020); *Calcano v. Finish Line, Inc.*, No. 19 Civ. 10064, 2020 WL 6135760, at *1 (S.D.N.Y. Oct. 19, 2020); *see also Access 4 All, Inc*, 458 F. Supp. 2d at 175–76.  Of course, "[f]or the ADA to yield its promise of equal access for the disabled, it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the ADA." *Kittok v. Leslie's Poolmart, Inc.*, 687 F. Supp. 2d 953, 958 (C.D. Cal. 2009) (quoting *Molski v. Evergreen Dynasty Corp*. 500 F.3d 1047, 1062 (9th Cir. 2007).  If Calcano had alleged concrete facts sufficient to establish an intent to return, he may have had standing regardless of his other nigh-identical lawsuits.  Because his complaint lacks such facts, the existence of his numerous, identically-worded complaints undercuts the plausibility of his allegations.

Accordingly, Defendant's motion to dismiss Calcano's ADA claim for lack of standing is GRANTED.

   B.  NYSHRL and NYCHRL

Calcano's NYSHRL and NYCHRL claims are "governed by the same standing requirements as the ADA." *Mendez v. Apple Inc*., No. 18 Civ. 7550, 2019 WL 2611168, at *4 (S.D.N.Y. Mar. 28, 2019).  Because Calcano lacks standing to sue under the ADA, he similarly lacks standing to sue under the NYSHRL and NYCHRL.

Accordingly, Defendant's motion to dismiss Calcano's NYSHRL and NYCHRL claims for lack of standing is GRANTED.

Because the Court can resolve this case on standing grounds, it need not reach the merits. However, because a number of courts around the country are evaluating similar lawsuits, Def. Reply at 1, ECF No. 36, the Court discusses the merits as well.

III. <u>Failure to State a Claim</u>

A. ADA

To state a claim under Title III of the ADA, a plaintiff must allege that " (1) he or she is disabled within the meaning of the ADA; (2) that the defendants own, lease, or operate a place of public accommodation; and (3) that the defendants discriminated against the plaintiff within the meaning of the ADA." *Krist v. Kolombos Rest. Inc*., 688 F.3d 89, 94–95 (2d Cir. 2012). Defendant does not contest that Calcano is disabled within the meaning of the ADA, or that its establishments are public accommodations under the ADA. *See* Def. Mem. at 4, ECF No. 34.

Calcano argues that the ADA requires Defendant to provide blind or visually-impaired customers with Braille gift cards because: (1) a gift card is itself a public accommodation, (2) a gift card is a service provided by a public accommodation, like cash, rather than a good sold, and (3) Defendant failed to offer an appropriate auxiliary aid or service. Pl. Mem. at 18–24, ECF No. 35. Numerous courts in this district have examined these same arguments, and uniformly concluded that each fails. *See, e.g.*, *Finish Line, Inc.*, 2020 WL 6135760, at *3–5; *Taco Bell Corp*., 2020 WL 3263258, at *3–6; *Thorne v. Bos. Mkt. Corp.*, 469 F. Supp. 3d 130, 139–47 (S.D.N.Y. 2020); *Banana Republic, LLC*, 2020 WL 1950496, at *5–11. This Court agrees.

1. Places of Public Accommodation

Title III of the ADA states that places of public accommodation are private entities whose operations affect commerce and fall into one of twelve categories.[1] 42 U.S.C. § 12181(7)(A)–(L).

---

[1] "The twelve categories are (1) places of lodging, (2) establishments serving food or drink, (3) places of exhibition or entertainment, (4) places of public gathering, (5) sales or rental establishments, (6) service establishments, (7) stations used for specified public transportation, (8) places of public display or collection, (9) places of recreation, (10) places of

7

The Department of Justice's guidance clarifies that "the 12 categories are an exhaustive list." U.S. Dep't of Justice, ADA Title III Technical Assistance Manual: Covering Public Accommodations and Commercial Facilities, III-1.2000 Public Accommodations, *available at* https://www.ada.gov/taman3.html (last visited on March 5, 2021).

It is more than a "stretch" to classify gift cards as falling into any of those twelve categories. *Taco Bell Corp.*, 2020 WL 3263258, at *4. Plaintiff argues, however, that gift cards are like websites, relying on a line of cases holding that websites may be public accommodations, even if non-physical. Pl. Mem. at 18–21; *see Gomez v. Gen. Nutrition Corp.*, 323 F. Supp. 3d 1368, 1375–76 (S.D. Fla. 2018). But a gift card is not a website. Some courts have found that commercial websites may be places of public accommodation because they are a place, figurative or not, where defendants offer goods to customers. *Taco Bell Corp.*, 2020 WL 3263258, at *5. A gift card, however, does no such thing: "a consumer can make a purchase *with* a gift card, but not *on* or *in* a gift card." *Banana Republic, LLC*, 2020 WL 1950496, at *8. Therefore, a gift card is not a place of public accommodation.

    2. Goods and Services

Places of public accommodate may not discriminate "on the basis of disability in the full and equal enjoyment of the goods [and] services." 42 U.S.C. § 12182(a). Therefore, a place of public accommodation must modify their "policies, practices, or procedures" to enable disabled individuals to access its goods and services. 42 U.S.C. § 12182(b)(2)(A)(ii). However, establishments need only provide equal *access* to its goods and services; it need not alter the goods and services already provided. *Banana Republic*, 2020 WL 1950498, at *6 ("[A] bookstore could not prohibit a visually

---

education, (11) social service center establishments, and (12) places of exercise or recreation." *Delacruz v. Ruby Tuesday, Inc.*, No. 19 Civ. 10319, 2020 WL 5440576, at *4 n.1 (S.D.N.Y. Sept. 8, 2020).

impaired person from entering its store, but it need not ensure that the books it sells are available in both Braille and standard print.").

Along with every court in this district to consider the issue, the Court finds that gift cards are goods. *See Delacruz v. Ruby Tuesday, Inc.*, No. 19 Civ. 10319, 2020 WL 5440576, at *5 (S.D.N.Y. Sept. 8, 2020). Gift cards are "an article offered for sale, often presented as a gift"; they, like all goods, are "manufactured, displayed for sale in [a retail establishment], and purchased by customers by the same means that they would purchase any other product." *Bos. Mkt. Corp.*, 469 F. Supp. 3d at 142. Because gift cards are goods, the ADA does not require the Defendant to alter its gift cards.

The Court rejects Calcano's attempt to draw an analogy between gift cards and financial services. The court in *American Council for the Blind v. Paulson* required the Department of Treasury to "design, produce and issue paper currency that is readily distinguishable to blind and visually impaired individuals" under the Rehabilitation Act. 463 F. Supp. 2d 51, 63 (D.D.C. 2006). The D.C. Circuit affirmed this decision based on the role of cash as a "universal medium or common standard" with "constitutional underpinnings." *Am. Council of the Blind v. Paulson*, 525 F.3d 1256, 1268 (D.C. Cir. 2008). Cash "is functionally a non-optional gateway to economic participation." *Banana Republic*, 2020 WL 1950496, at *11 n.8. Gift cards, by contrast, have no such universality nor constitutional underpinnings. *Ruby Tuesday*, 2020 WL 5440576, at *5. Accordingly, the Court concludes that gift cards are goods, and thus Defendant is not obligated to modify the gift cards to include Braille.[2]

---

[2] Calcano's brief seemingly argues that gift cards are a "service," rather than a "good." Pl. Mem. at 18 ("Defendant's gift cards are an optional *service* to enhance its customer experience provided by Defendant's places of public accommodation" because they "enhance [the] customer experience." (emphasis in original)). This argument also fails. The ADA "does not require provision of different goods *or services*, just nondiscriminatory enjoyment of those that are provided." *Taco Bell*, 2020 WL 3263258, at *4 (emphasis added) (quoting *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1115 (9th Cir. 2000)).

3. Auxiliary Aids

Title III requires that no individual with a disability is "excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good [or] service . . . or would result in an undue burden."  42 U.S.C. § 12182(b)(2)(A)(iii). Establishments must therefore offer "appropriate auxiliary aids and services" where doing so is necessary to "ensure effective communication with individuals with disabilities."  28 C.F.R. §§ 36.303(c)(1), (b)(2).  But the establishment can choose what auxiliary aids and services to offer, as long as the aid is effective.  28 C.F.R. § 36.303(c)(1)(ii); *see also Camarillo v. Carrols Corp.*, 518 F.3d 153, 157 (2d Cir. 2008).  Therefore, the plaintiff must show that the defendant had *no* auxiliary aids available; not simply that they did not offer the aid preferred by the plaintiff.  *Outback Steakhouse of Fla., LLC*, 2020 WL 4273820, at *4.

Calcano fails to plausibly allege that Defendants have no auxiliary aids.  Calcano only alleges that, after he inquired about Braille gift cards on the phone, Defendant's employee did not "offer any alternative auxiliary aids or services to the Plaintiff with respect to Defendant's gift cards," and that, "[u]pon information and belief, Defendant does not offer auxiliary aids with respect to the gift cards."  FAC ¶¶ 17, 19.  These allegations are insufficient.  Calcano never inquired about auxiliary aids other than Braille gift cards.  There are no other facts supporting the contention that Defendant does not offer any other auxiliary aids.  And courts are not required to take allegations pleaded on information and belief as true if the facts are easily available, as they are here, such as by inquiring over the phone or at the store.  *Bos. Mkt. Corp.*, 469 F. Supp. 3d at 146–47; *see also Outback Steakhouse of Fla., LLC*, 2020 WL 4273820, at *4 (collecting cases).[3]  Therefore, this argument also fails.

---

[3] Calcano argues that "the sufficiency of an auxiliary aid is a fact intensive investigation, is a matter for litigation at a later stage of this proceeding."  *See Suvino v. Time Warner Cable, Inc.*, No. 16 Civ. 7046, 2017 WL 3834777, at *2 (S.D.N.Y. Aug. 31, 2017); Pl. Mem. at 23.  *Suvino* addressed whether a form of auxiliary aid offered by the defendant was a

10

Because Calcano has not stated a claim under the ADA, Defendant's motion to dismiss his ADA claims is GRANTED.

B.  NYSHRL and NYCHRL

The Court declines to exercise supplemental jurisdiction over Calcano's NYSHRL and NYCHRL claims because his ADA claims have been dismissed.  *See* 28 U.S.C. § 1367(c)(3) ("The district court[ ] may decline to exercise supplemental jurisdiction over a claim . . . [once] the district court has dismissed all claims over which it has original jurisdiction[.]"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Accordingly, Calcano's state law claims are DISMISSED without prejudice to renewal in state court.

IV.     Declaratory Relief

Calcano's claim for declaratory relief is duplicative of his other claims.  Accordingly, Defendant's motion to dismiss this claim is GRANTED.

V.      Leave to Amend

In the alternative, Calcano seeks leave to amend his complaint for a second time.  "The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, "where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied."  *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999).  Calcano already submitted his FAC fourteen days after Defendant

---

*sufficient* means of communication under the ADA.  *Suvino*, 2017 WL 3834777, at *2.  Calcano, by contrast, does not argue that an auxiliary aid is insufficient, but that no such aid exists.  This is a matter suited for the motion to dismiss stage.

11

moved to dismiss the initial complaint, which pointed out the deficiencies discussed here. ECF Nos. 28–29, 31. Before filing his FAC, therefore, Calcano was on notice of the potential deficiencies in the pleadings, and did not address them.

However, if Calcano still wishes to amend his complaint, he may seek leave to amend the FAC by filing a letter motion explaining how a second amended complaint would state a claim that would cure the deficiencies discussed in this Order. Calcano shall append to the letter a draft of the proposed second amended complaint showing the changes from the FAC. The letter motion must be filed on or before **March 19, 2021**.

## CONCLUSION

For the reasons stated above, Defendant's motion is GRANTED and the complaint is DISMISSED.

The Clerk of Court is direct to terminate the motion at ECF No. 33.

SO ORDERED.

Dated: March 5, 2021
      New York, New York

_____
ANALISA TORRES
United States District Judge